1  KELLEY DRYE & WARREN LLP
   Lee S. Brenner (STATE BAR No. 180235)
2  10100 Santa Monica Boulevard
   23rd Floor
3  Los Angeles, CA 90067-4008
   Telephone:  (310) 712-6100
4  Facsimile:   (310) 712-6199
   Lbrenner@kelleydrye.com
5

6  Michael C. Lynch (*pro hac vice* motion forthcoming)
   Joseph A. Boyle (*pro hac vice* motion forthcoming)
7  James B. Saylor (*pro hac vice* motion forthcoming)
   KELLEY DRYE & WARREN LLP
8  101 Park Avenue
   New York, NY 10178
9  Telephone:  (212) 808-7800
   Facsimile:   (212) 808-7897
10
   *Attorneys for Defendants International Hair*
11 *Institute, LLC, Keranique, LLC, and Atlantic Coast*
   *Media Group LLC*
12

13                UNITED STATES DISTRICT COURT

14                SOUTHERN DISTRICT OF CALIFORNIA

15

16 | IZABELLE J. DOUCET and           | CASE NO. **'18CV1879 WQHKSC**
   | CHARLOTTE DUKICH, individually   |
17 | and on behalf of all others similarly |
   | situated,                        | **DEFENDANTS INTERNATIONAL**
18 |                                  | **HAIR INSTITUTE, LLC,**
   |         Plaintiffs,              | **KERANIQUE, LLC, AND**
19 |                                  | **ATLANTIC COAST MEDIA**
   | vs.                              | **GROUP LLC'S NOTICE OF**
20 |                                  | **REMOVAL**
   | INTERNATIONAL HAIR               |
21 | INSTITUTE, LLC, a Virginia limited |
   | liability company; KERANIQUE, LLC, |
22 | a Virginia limited liability company; |
   | ATLANTIC COAST MEDIA GROUP,      |
23 | LLC, a Virginia limited liability company; |
   | and DOES 2-50, inclusive,        |
24 |                                  |
   |         Defendants.              |
25

26
27
28

DEFENDANTS INTERNATIONAL HAIR INSTITUTE, LLC, KERANIQUE, LLC, AND
ATLANTIC COAST MEDIA GROUP LLC'S NOTICE OF REMOVAL

# NOTICE OF REMOVAL

Defendants International Hair Institute, LLC ("IHI"), Keranique, LLC ("Keranique"), and Atlantic Coast Media Group LLC ("ACMG") (collectively, "Defendants"), through the undersigned counsel, hereby remove the above-captioned action (the "Action") from the Superior Court of the State of California, County of San Diego ("San Diego Superior Court") to the United States District Court for the Southern District of California. This Court has federal question jurisdiction under 28 U.S.C. §§ 1331 and 1446. In further support of this Notice of Removal, Defendants state as follows:

## I.   PROCEDURAL HISTORY

1. This Action was commenced on March 20, 2017, by the filing of a complaint (the "Complaint") by Plaintiff Izabelle Doucet ("Doucet"), captioned as *Izabelle J. Doucet, individually and on behalf of all others similarly situated, v. International Hair Institute, LLC, a Virginia limited liability company; Keranique, LLC, a Virginia limited liability company; and Does 1-50, inclusive*, Case No. 37-2017-00009996-CU-MC-CTL, in Superior Court of the State of California, County of San Diego ("San Diego Superior Court"). *See also* Exhibit 2, Declaration of Lee S. Brenner (Brenner Decl.), ¶ 3.

2. IHI and Keranique removed the original Complaint to this Court on April 24, 2017. *See* Case No. 3:17-cv-00823, Dkt. No. 1 (S.D. Cal., Apr. 24, 2017). The basis for removal was that jurisdiction was proper under the Class Action Fairness Act ("CAFA"). *See id.*, at ¶ 8 (citing 28 U.S.C. § 1332(d)). Brenner Decl., ¶ 4.

3. True and correct copies of the Complaint, the summons, and all process, pleadings, and orders from the state court were attached to IHI and Keranique's Notice of Removal, as required by 28 U.S.C. § 1446(a). *See id.*, at ¶ 1.

4. Plaintiff Doucet filed a First Amended Complaint ("FAC") in this Court, adding Plaintiff Charlotte Dukich and Defendant Atlantic Coast Media Group

LLC. *See* Case No. 3:17-cv-00823, Dkt. No. 14 (S.D. Cal., May 25, 2017). *See also* Brenner Decl., ¶ 5. (Doucet and Plaintiff Charlotte Dukich are collectively referred to as "Plaintiffs").

5. On November 20, 2017, this Court remanded the action, finding that Plaintiffs lacked standing, and that it therefore lacked subject matter jurisdiction over this case. The Court found that Plaintiffs possessed no Article III injury necessary to confer standing because they had never paid, or were refunded, all of their alleged damages for violations of the Automatic Renewal Law, Cal. Bus. & Prof. Code § 17600, *et seq.*; the False Advertising Law, Cal. Bus. & Prof. Code § 17500, *et seq.*; the California Consumers Legal Remedies Act, Cal. Civ. Code § 1750, *et seq.*; and the Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, *et seq.*

6. On July 18, 2018, Plaintiffs requested leave to file a Second Amended Complaint ("SAC"). Defendants consented to Plaintiffs' request. The Court granted leave for Plaintiffs to file the SAC on July 20, 2018. Plaintiffs filed the SAC on July 30, 2018. *See* Brenner Decl., ¶ 6.

7. A true and correct copy of the SAC, and all process, pleadings, and orders from the state court following this Court's remand are attached hereto as Exhibit 1, as required by 28 U.S.C. § 1446(a).

8. Plaintiffs' SAC asserted a new class claim for relief under the Electronic Funds Transfer Act, 15 U.S.C. § 1693 *et seq.* ("EFTA"), alleging that Defendants "post charges to consumers' debit cards, and thereby initiate withdrawals from consumers' bank accounts, without the consumers' written authorization and/or without providing a copy of such written authorization."

9. No admission of fact, law, liability, or damages is intended by this Notice of Removal, and all defenses, affirmative defenses, objections and motions are hereby reserved.

LLC. *See* Case No. 3:17-cv-00823, Dkt. No. 14 (S.D. Cal., May 25, 2017). *See also* Brenner Decl., ¶ 5. (Doucet and Plaintiff Charlotte Dukich are collectively referred to as "Plaintiffs").

5. On November 20, 2017, this Court remanded the action, finding that Plaintiffs lacked standing, and that it therefore lacked subject matter jurisdiction over this case. The Court found that Plaintiffs possessed no Article III injury necessary to confer standing because they had never paid, or were refunded, all of their alleged damages for violations of the Automatic Renewal Law, Cal. Bus. & Prof. Code § 17600, *et seq.*; the False Advertising Law, Cal. Bus. & Prof. Code § 17500, *et seq.*; the California Consumers Legal Remedies Act, Cal. Civ. Code § 1750, *et seq.*; and the Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, *et seq.*

6. On July 18, 2018, Plaintiffs requested leave to file a Second Amended Complaint ("SAC"). Defendants consented to Plaintiffs' request. The Court granted leave for Plaintiffs to file the SAC on July 20, 2018. Plaintiffs filed the SAC on July 30, 2018. *See* Brenner Decl., ¶ 6.

7. A true and correct copy of the SAC, and all process, pleadings, and orders from the state court following this Court's remand are attached hereto as Exhibit 1, as required by 28 U.S.C. § 1446(a).

8. Plaintiffs' SAC asserted a new class claim for relief under the Electronic Funds Transfer Act, 15 U.S.C. § 1693 *et seq.* ("EFTA"), alleging that Defendants "post charges to consumers' debit cards, and thereby initiate withdrawals from consumers' bank accounts, without the consumers' written authorization and/or without providing a copy of such written authorization."

9. No admission of fact, law, liability, or damages is intended by this Notice of Removal, and all defenses, affirmative defenses, objections and motions are hereby reserved.

## II. DEFENDANTS HAVE SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL

10. The San Diego Superior Court is located within the Southern District of California. 28 U.S.C. § 84(d). Venue is therefore proper in this Court pursuant to 28 U.S.C. § 1446(a).

11. A true and correct copy of the SAC, and all process, pleadings, and orders from the state court following this Court's remand are attached hereto, as required by 28 U.S.C. § 1446(a).

12. In accordance with 28 U.S.C. § 1446(b), Defendants are filing this Notice of Removal within the 30-day removal period. Here, Plaintiffs requested leave to file the SAC on July 18, 2018. The Court granted Plaintiffs' motion for leave to file the SAC on July 20, 2018. Plaintiffs filed the SAC on July 30, 2018. Because this Notice of Removal was filed within 30 days following the date the SAC became operative, the filing of this Notice of Removal is timely. *Brewer v. Hatton*, No. 17-CV-02900-JSC, 2017 WL 3635824, at *1 (N.D. Cal. Aug. 24, 2017) ("[A] proposed amended complaint that on its face would provide a basis for subject matter jurisdiction does not become removable until it becomes the operative complaint in the case. Where leave to amend is required, an amended complaint cannot be operative until that leave has been granted."). This successive notice of removal is proper because the SAC "reveal[ed] a new and different ground for removal." *Reyes v. Dollar Tree Stores, Inc.*, 781 F.3d 1185, 1188 (9th Cir. 2015). The SAC was the first pleading in this action that conferred federal question jurisdiction under 28 U.S.C. § 1331 by the addition of a claim under the EFTA, 15 U.S.C. § 1693 *et seq*. *See* Brenner Decl., ¶ 7. Plaintiffs' earlier pleadings solely asserted claims under state law, and the basis for IHI and Keranique's first notice of removal was CAFA, 28 U.S.C. § 1332(d).

13. Promptly after filing this Notice of Removal, Defendants will give written notice of the removal to Plaintiffs through her attorneys of record in the

1  Action, as well as to the Clerk of the San Diego Superior Court, as required by 28
2  U.S.C. § 1446(d).

3      14.   All Defendants join in the Notice of Removal, therefore, no consent to
4  removal is necessary.

## III. REMOVAL IS PROPER UNDER 28 U.S.C. § 1331 BECAUSE THIS COURT HAS FEDERAL QUESTION JURISDICTION

7      15.   The presence of a federal question gives rise to jurisdiction in this
8  Court under 28 U.S.C. § 1331.

9      16.   This Court has jurisdiction over this action under 28 U.S.C. § 1331
10  because, as stated above, Plaintiffs' SAC asserts a claim under the EFTA.

11      17.   In addition, under 28 U.S.C. § 1367, this Court may exercise
12  supplemental jurisdiction over those claims, if any, that are not independently
13  removable.

## V. CONCLUSION

15      18.   WHEREFORE, having provided notice as required by law, the above-
16  captioned action should be removed from the San Diego Superior Court.

DATED: August 10, 2018        KELLEY DRYE & WARREN LLP

By /s/ Lee S. Brenner
_____
Lee S. Brenner

*Attorneys for Defendants International Hair Institute, LLC, Keranique, LLC, and Atlantic Coast Media Group LLC*

---

4
DEFENDANTS INTERNATIONAL HAIR INSTITUTE, LLC, KERANIQUE, LLC, AND ATLANTIC COAST MEDIA GROUP LLC'S NOTICE OF REMOVAL

# PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of Los Angeles, State of California. My business address is 10100 Santa Monica Boulevard, Twenty-Third Floor, Los Angeles, California 90067-4008.

On August 10, 2018, I served true copies of the following document(s) described as: **DEFENDANTS INTERNATIONAL HAIR INSTITUTE, LLC, AND KERANIQUE, LLC'S NOTICE OF REMOVAL** on the interested parties in this action as follows:

James T. Hannink, Esq.
Zach P. Dostart, Esq.
DOSTART HANNINK & COVENEY LLP
4180 La Jolla Village Drive, Suite 530
La Jolla, California 92037-1474
Telephone: (858) 623-4200
Fax: (858) 623-4299
Email: jhannink@sdlaw.com.com
Email: zdostart@sdlaw.com

☒ **BY FEDEX**: I enclosed said document(s) in an envelope or package provided by FedEx and addressed to the persons at the addresses listed above. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of FedEx or delivered such document(s) to a courier or

☒ **BY E-MAIL (courtesy copy)**: I caused a courtesy copy of the document(s) to be sent from e-mail address wtaylor@kelleydrye.com to the persons at the e-mail addresses listed above.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on August 10, 2018 at Los Angeles, California.

_____
Wanda Taylor